# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-1104

_____

State of Missouri; State of Nebraska; State of Alaska; State of Arkansas;
State of Iowa; State of Montana; State of New Hampshire; State of North Dakota;
State of South Dakota; State of Wyoming

*Plaintiffs - Appellees*

v.

Joseph R. Biden, Jr., in his official capacity as the President of the United States of
America; United States of America; The Office of Personnel Management; Kiran
Ahuja, in her official capacity as director of the Office of Personnel Management
and as co-chair of the Safer Federal Workforce Task Force; General Services
Administration; Robin Carnahan, in her official capacity as administrator of the
General Services Administration and as co-chair of the Safer Federal Workforce
Task Force; Office of Management and Budget; Shalanda Young, in her official
capacity as acting Director of the Office of Management and Budget and as a
member of the Safer Federal Workforce Task Force; Safer Federal Workforce Task
Force; Jeffrey Zients, in his official capacity as co-chair of the Safer Federal
Workforce Task Force and COVID-19 Response Coordinator; Federal Acquisition
Regulatory Council; Lesley A. Field, in her official capacity as Acting
Administrator for Federal Procurement, Office of Management and Budget; John
M. Tenaglia, in his official capacity as Principal Director of Defense Pricing and
Contracting, Department of Defense; Jeffrey A. Koses, in his official capacity as
Senior Procurement Executive & Deputy Chief Acquisition Officer, General
Services Administration; Karla S. Jackson, in her official capacity as Assistant
Administrator for Procurement, National Aeronautics and Space Administration

*Defendants - Appellants*

------------------------------

State of Florida; State of Arizona; State of Georgia; State of Idaho; State of Kansas; State of Kentucky; State of Louisiana; State of Ohio; State of Oklahoma; State of South Carolina; State of Tennessee; State of Texas; State of Utah; State of West Virginia; Chamber of Commerce of the United States of America

*Amici on Behalf of Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted: September 21, 2022
Filed: June 7, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, KELLY and GRASZ, Circuit Judges.
_____

PER CURIAM.

By executive order and related agency action, the President of the United States and other federal Executive Branch officials sought to contractually obligate all federal contractors and subcontractors to ensure their employees were fully vaccinated against COVID-19. *See* Executive Order 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021) (hereinafter "EO 14042"); Office of Management and Budget Notice of Determination, 86 Fed. Reg. 63418-01 (Nov. 16, 2021). The district court preliminarily enjoined the federal officials from enforcing the contractor vaccine mandate within the plaintiff States after deciding the States were likely to prevail on the merits of their claim that EO 14042 exceeded the President's authority. The government appealed, seeking reversal of the district court's preliminary injunction.

On May 9, 2023, the President issued an executive order revoking EO 14042, to be effective on May 12, 2023. *See* Exec. Order No. 14099 §§ 2, 3, 88 Fed. Reg. 30,891, 30,891 (May 15, 2012) ("Revocation EO"). The Revocation EO explained

-2-

that "we no longer need . . . federally specified safety protocols for Federal contractors." *Id.* § 1. The Revocation EO further specified that "[a]gency policies adopted to implement [EO 14042] . . . , to the extent such policies are premised on th[at] order[], no longer may be enforced and shall be rescinded consistent with applicable law." *Id.* § 2.

Based on the Revocation EO, the federal officials filed an unopposed motion to voluntarily dismiss the appeal, explaining the only relief from this court they had sought was the reversal or narrowing of the preliminary injunction barring enforcement of EO 14042. Because EO 14042 "and its accompanying guidance have been revoked" and "can no longer be enforced," the federal officials acknowledge the purpose of their appeal "no longer exists." We agree. As it is no longer possible to effectuate the relief requested, we conclude this appeal has become moot and dismiss it as such. The case is remanded to the district court for further proceedings consistent with this opinion.

_____

Appellate Case: 22-1104     Page: 3     Date Filed: 06/07/2023 Entry ID: 5284525