

ATTORNEY GENERAL OF NEBRASKA

MICHAEL T. HILGERS

ATTORNEY GENERAL OF MISSOURI

ANDREW BAILEY

January 19, 2023

**VIA CM/ECF**

Mr. Michael Gans
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Federal Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

RE: *State of Missouri et al. v. Biden et al.*, No. 22-1104
Response to Supplemental Authority under Rule 28(j)

Dear Mr. Gans:

As the Government notes, the Sixth Circuit affirmed a preliminary injunction against the Contractor Mandate. *See Kentucky v. Biden (Kentucky III)*, 2023 WL 164614 (6th Cir. Jan. 12, 2023). That decisions agrees with, and relies on, *Kentucky v. Biden (Kentucky II)*, 23 F.4th 585 (6th Cir. 2022)—which the States cited extensively—to conclude "the President likely exceeded his powers under" the Procurement Act in issuing the Contractor Mandate. *Kentucky III*, 2023 WL 164614, at *1, *4–*7. The decision is the fourth circuit decision supporting the States' interpretation of the Procurement Act and rejecting the Government's arguments; its persuasive reasoning applies here.

The Sixth Circuit did limit relief to just the plaintiff States. *Id.* at *9. But the court did not discuss States' *parens patriae* interests in the well-being of their citizens. *See* Br. Appellees 62–63. And in all events, binding circuit precedent (*Rodgers v. Bryant*, 942 F.3d 451 (8th Cir. 2019)) supports the district court's injunction in this case. *See* Br. Appellees 60–61.

1

So does *Nebraska v. Biden*, 52 F.4th 1044 (8th Cir. 2022) (per curiam). Relying on *Rodgers*, the Court in *Nebraska* noted that Missouri's injuries stemmed from harms to MOHELA, which plays a "national role" in the student loan context. *Id.* There was thus "no workable path … for narrowing the … relief." *Id.* As to the other States, the Court concluded that "tailoring an injunction to address the alleged harms to the remaining States would entail delving into complex issues and contested facts that would make any limits uncertain in their application and effectiveness." *Id.*

Likewise here. There is no "workable path" for narrowing the injunction. *Id.* Because federal contracts can shift, tailoring would require "delving into complex issues and contested facts that would make any limits uncertain in their application and effectiveness." *Id.*

                                                   Sincerely,

| /s/ James A. Campbell | /s/ Michael E. Talent |
|---|---|
| James A. Campbell, NE 26934 | D. John Sauer, MO 58721 |
| *Solicitor General of Nebraska* | *Deputy Attorney General* |
| Office of the Nebraska Attorney General | Michael E. Talent, CA 322220 |
| 2115 State Capitol | *Deputy Solicitor General* |
| Lincoln, NE 68509 | Missouri Attorney General's Office |
| (402) 471-2686 | PO Box 899 |
| Jim.Campbell@nebraska.gov | Jefferson City, MO 65102 |
| | (314) 340-4869 |
| | Michael.Talent@ago.mo.gov |

cc: Counsel for Appellants (via electronic filing)

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2023, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which serve all counsel of record.

/s/ *Michael E. Talent*

3

Appellate Case: 22-1104    Page: 3    Date Filed: 01/19/2023 Entry ID: 5237512

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the body of this letter contains 301 words as determined by the word-count feature of Microsoft Word. This letter has been scanned for viruses and is virus-free.

*/s/ Michael E. Talent*